FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 2:13 pm, Jun 16, 2017*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

KASIM GANDY,

    Plaintiff,

v.

TOM GRAMIAK,

    Defendants.

CIVIL ACTION NO.: 5:16-cv-44

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is non-party Waseem Daker's ("Daker") Motion for Reconsideration of the Court's Order dated February 28, 2017. (Doc. 55.) For the reasons set forth below, the Court **DENIES** Daker's Motion for Reconsideration. Additionally, I **RECOMMEND** that the Court **DENY** Daker leave to proceed *in forma pauperis* on appeal. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order and Report and Recommendation upon Plaintiff **AND** non-party Waseem Daker.

## BACKGROUND

On February 3, 2017, Daker filed a Motion to Intervene in this case. (Doc. 36.) Daker argued that he should be allowed to intervene as a matter of right under Federal Rules of Civil Procedure Rule 24(a) and permissively under Rule 24(b). (Id. at p. 2.) Daker contended that intervention was proper for his claims that his placement in the Tier II program at Georgia State Prison violates his substantive and procedural due process rights. As support, Daker conclusively asserted that: his Motion was timely filed; he has a "direct, substantial, legally protectable interest in the proceedings" by nature of his status as a prisoner in the Tier II

segregation program; the disposition of this case would impair his ability to protect his interest due to *stare decisis*; and Plaintiff would not adequately represent his interests. (Id. at pp. 2–4.)

On February 28, 2017, the Court denied Daker's Motion to Intervene. (Doc. 39). The Court advised Daker that the Prison Litigation Reform Act ("PLRA") disallows multiple-prisoner/plaintiff lawsuits wherein the prisoners/plaintiffs seek to proceed *in forma pauperis* together. (Id. at p. 2.) Specifically, the Court informed Daker that a prisoner wishing to bring a civil action *in forma pauperis* must pay the full amount of the filing fee.[1] (Id.)

In his instant Motion, Daker restates the arguments from his Motion to Intervene and further argues that intervention is allowed because neither the PLRA nor Hubbard v. Haley, 262 F.3d 1194 (11th Cir. 2001), applies to motions brought pursuant to Rule 24.

## DISCUSSION

**I.  Motion for Reconsideration (Doc. 55)**

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could

---

[1] The Court notes that this is not the first case in this District where Daker has sought and been denied intervention. See Orders, Daniels v. Upton, et al., 6:16-cv-94-JRH-RSB (S.D. Ga. Feb. 17, 2017 & Mar. 27, 2017) ECF Nos. 43, 46.

have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Daker's Motion for Reconsideration. Here, Daker does not present any newly- discovered evidence or manifest errors of law or fact. Daker simply attempts to argue that Hubbard does not apply to Rule 24 motions, and that even if it did, the United States Supreme Court's decision in Jones v. Bock, 549 U.S. 199 (2007), overruled Hubbard. However, both these arguments are without merit.[2]

While it is true that the Eleventh Circuit Court of Appeals addressed joinder rather than intervention in Hubbard, the reasoning and analysis behind Hubbard remain true for intervention under Rule 24. That is, in order to curtail abusive prisoner tort, civil rights, and conditions of confinement litigation, "[T]he PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee.'" Hubbard, 262 F.3d at 1197 (quoting 28 U.S.C. § 1915(b)(1)). Additionally, "the Congressional purpose in promulgating the PLRA enforces an interpretation that each prisoner pay the full filing fee." Id. at 1197–98. In fact, the Court's reasoning in Hubbard is especially appropriate in this case. Daker, a known serial litigant in this district and others, has been denied *in forma pauperis* status on multiple occasions pursuant to 28 U.S.C. § 1915(g), the PLRA's three-strikes provision.[3] See Daker v. Bryson, et al., No. 6:16-cv-57-JRH-RSB, 2017 WL 242615, at *3 (S.D. Ga. Jan. 19, 2017), *report and recommendation*

---

[2] Jones addressed the administrative exhaustion requirement of the PLRA and is inapplicable to the Court's denial of Daker's Motion to Intervene.

[3] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

*adopted by* No. 6:16-cv-57-JRH-RSB, 2017 WL 1053082 (S.D. Ga. Mar. 20, 2017). His Motion to Intervene in this case is a blatant attempt to circumvent the requirements of the PLRA and is precisely the type of behavior the PLRA sought to curtail.

The Court sees no error in its analysis denying Daker's Motion to Intervene, much less manifest error warranting reconsideration. Accordingly, the Court **DENIES** Daker's Motion for Reconsideration, (doc. 55).

## II.     Leave to Appeal *in Forma Pauperis*

Additionally, the Court should **DENY** Daker *in forma pauperis* status on appeal. Though Daker has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at \*1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Daker's Motion and the Court's February 28, 2017, Order, (doc. 39), there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Daker *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, the Court **DENIES** Daker's Motion for Reconsideration. (Doc. 55.) Additionally, I **RECOMMEND** that the Court **DENY** Daker leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon Plaintiff **AND** non-party Waseem Daker.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of June, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA