# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| KASIM GANDY, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO.: 5:16-cv-44 |
| TOM GRAMIAK; NATHAN BROOKS; WILLIAM STEEDLY; KIMBERLY LOWE; and UNIT MANAGER COX, | * |
| Defendants. | * |

## ORDER

Presently before the Court are the Magistrate Judge's June 16, 2017, Report and Recommendation, Movant Waseem Daker's ("Daker") Motion for Reconsideration, and Daker's Motion for District Court to Rule on Motion for Intervention. Dkt. Nos. 59, 66, 70. For the reasons set forth below, the Court **DENIES** Daker's Motion for Reconsideration and **DISMISSES AS MOOT** Daker's Motion for District Court to Rule on Motion for Intervention. Additionally, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court and **DENIES** Daker leave to appeal *in forma pauperis*.

## BACKGROUND

On February 3, 2017, Daker filed a Motion to Intervene in this 42 U.S.C. § 1983 prisoner-plaintiff case. Dkt. No. 36.

The Magistrate Judge denied Daker's Motion. Dkt. No. 39. Daker filed a Motion for Reconsideration, dkt. no. 55, which the Magistrate Judge denied on June 16, 2017, dkt. no. 58. The Magistrate Judge also recommended this Court deny Daker *in forma pauperis* status on appeal if Daker appealed the Order denying his Motion for Reconsideration. Dkt. No. 59. Daker then filed a second Motion for Reconsideration, requesting the district court to reevaluate the Magistrate Judge's June 16, 2017, Order denying his first Motion for Reconsideration. Dkt. No. 66. Daker also separately filed a Motion asking the District Court to rule upon the originally filed Motion to Intervene. Dkt. No. 70.

**DISCUSSION**

The Court construes Daker's second Motion for Reconsideration as a Rule 72(a) objection or appeal of the Magistrate Judge's June 16, 2017, Order.[1] Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy. . . . The district judge in the case must

---

[1] "Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Retic v. United States, 215 F. App'x 962, 964 (11th Cir. 2007) (quoting Castro v. United States, 540 U.S. 375, 381 (2003)). Federal courts "may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Id. (quoting Castro, 540 U.S. at 381-82).

consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (reciting same "clearly erroneous or contrary to law" standard).

District courts apply the clearly erroneous standard to findings of fact by the magistrate judge and the contrary to law standard to legal conclusions. Both standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 216-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (internal citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993)(citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013)(citations omitted).

The Court discerns no reason to modify or set aside any part of the Magistrate Judge's Order. The Magistrate Judge applied the appropriate legal standard in denying Daker's Motion for Reconsideration and addressed Daker's arguments extensively. Dkt. No. 59, pp. 3-4. Furthermore, Daker's arguments

challenging the Magistrate Judge's June 16, 2017, Order simply reiterate the arguments already discussed and rejected by the Magistrate Judge. The Court sees no error in that analysis, much less clear error, and does not find the Magistrate Judge's ruling to be contrary to law.

## CONCLUSION

Accordingly, the Court **DENIES** Daker's Motion for Reconsideration, dkt. no. 66, and **DISMISSES AS MOOT** Daker's Motion for this Court to rule on his previously-addressed Motion to Intervene, dkt. no. 70. Furthermore, the Court **ADOPTS** the Magistrate Judge's June 16, 2017, Report and Recommendation, dkt. no. 59, as the opinion of the Court and **DENIES** Daker leave to appeal *in forma pauperis*. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff **AND** non-party Waseem Daker.

**SO ORDERED**, this 31 day of October, 2017.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA